**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**



ANGELA BARKSDALE and
CONSUELA A. HILL and PEARL
A. NEAL and CATHERINE L.
TEAL and JACQUELINE A.
STOKES and DIANE M.
WILLIAMS, individually and on
behalf of all others similarly situated,

Plaintiffs,

v.

E & M TRANSPORTATION, INC.
and ELEASEA B. LAWRENCE and
MARLON L. WILLIAMS SR.

Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO.: 3:10CV140

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiffs seek to recover for Defendants' violations of the Fair Labor Standards Act of

1938, 29 U.S.C. § 201 *et seq.*, and hereby state and allege as follows:

1.      Plaintiffs Angela Barksdale, Consuela A. Hill, Pearl A. Neal, Catherine L. Teal,

Jacqueline A. Stokes and Diane M. Williams (hereinafter "Plaintiffs") individually and on behalf

of all others similarly situated bring this action for overtime compensation and other relief under

the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, jointly and severally, against

E & M Transportation, Inc., Eleasea B. Lawrence and Marlon L. Williams and each of their

respective divisions, subsidiaries and affiliates, however constituted, including but not limited to

any employer of the Plaintiffs and others similarly situated, all doing a portion of their business

in Virginia. E & M Transportation, Inc., Eleasea B. Lawrence, Marlon L. Williams and each of



MAR - 3 2010

CLERK, U.S. DISTRICT COURT
RICHMOND, VA.

their respective divisions, subsidiaries and affiliates are referred to herein collectively as "E & M" or "Defendants" as more fully alleged in paragraphs 15 and 16.

2.      Plaintiff Barksdale currently resides in Prospect in the Commonwealth of Virginia.

3.      Plaintiff Hill currently resides in Amelia in the Commonwealth of Virginia.

4.      Plaintiff Neal currently resides in Blackstone in the Commonwealth of Virginia.

5.      Plaintiff Teal currently resides in Victoria in the Commonwealth of Virginia.

6.      Plaintiff Stokes currently resides in Green Bay in the Commonwealth of Virginia.

7.      Plaintiff Williams currently resides in Keysville in the Commonwealth of Virginia.

8.      Plaintiff Barksdale was employed by the Defendant as a Driver from on or around June 23, 2008 to July 7, 2009, at E & M's location at 7621 Amelia Springs Road, Jetersville, Virginia.

9.      Plaintiff Hill was employed by the Defendant as a Driver from on or around October 7, 2007 to December 15, 2009, at E & M's location at 7621 Amelia Springs Road, Jetersville, Virginia.

10.     Plaintiff Neal was employed by the Defendant as a Driver from on or around June 2008 to September 10, 2009, at E & M's location at 7621 Amelia Springs Road, Jetersville, Virginia.

11.     Plaintiff Teal was employed by the Defendant as a Driver from on or around January 2006 to October 12, 2006, then again from on or around January 17, 2007 to July 10, 2009, at E & M's location at 7621 Amelia Springs Road, Jetersville, Virginia.

12.     Plaintiff Stokes was employed by the Defendant as a Driver from on or around September 2, 2008 to December 16, 2009, at E & M's location at 7621 Amelia Springs Road, Jetersville, Virginia.

13.     Plaintiff Williams was employed by the Defendant as a Driver from on or around May 2008 to July 2009, at E & M's location at 7621 Amelia Springs Road, Jetersville, Virginia.

14.     E & M was the employer of Plaintiffs.  Regardless of all of the names used by the companies, partnerships, joint ventures, corporations, or other entities E & M may use to do business, if Plaintiffs have failed to name the correct legal entities, as the true names and capacities of the entities may be unknown to Plaintiffs at this time, Plaintiffs reserve the right to amend this Complaint when and if the true names of said defendants become known such that they can be correctly named.

15.     Eleasea B. Lawrence and Marlon L. Williams, Sr., were at all times relevant to this lawsuit the owners, managers, co-managers and/or directors of E & M Transportation, Inc.

16.     Defendants, in conjunction with their respective divisions, subsidiaries or affiliates of the Virginia location(s) in the United States, however such divisions, subsidiaries or affiliates are constituted, has at all material times conducted interstate commerce and business in the United States.  E & M, through itself or other unknown entities, directly or indirectly acted in the interest of an employer toward Plaintiffs at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiffs  In the alternative, Defendants and each of their respective divisions, subsidiaries or affiliates, however constituted for the store locations at issue, were joint employers of Plaintiffs because they commonly controlled the terms of compensation and employment of Plaintiffs.

17.     Plaintiffs were required to regularly work hours in excess of 40 (forty) per week, were not paid overtime that was based upon one and one half times their regular rate of pay and were not compensated for other work required by Defendants.

18.     Plaintiffs did not work in the capacity of managers, did not supervise two or more employees for more than 80 hours per week, and did not have authority to hire or fire employees. Their primary duties were not "management."

19.     Plaintiffs performed non-managerial tasks for the entirety of their work time while employed at E & M. Management and managerial discretion were not part of their job duties and Plaintiffs did not perform management for any amount of time in their workweek.

20.     This action is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, and specifically the collective action provision of the FLSA found at § 216(b), for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by Defendants which have deprived the named Plaintiffs as well as others similarly situated to the named Plaintiffs of their lawful wages.

21.     Plaintiffs were not paid a minimum of four hundred and fifty-five dollars ($455.00) per workweek and Plaintiffs were not paid a regular salary as defined in 29 U.S.C. § 213 (a)(1) for non exempt employees and are therefore entitled to overtime pay.

22.     The material time for the claims under the FLSA in this case is the three-year period prior to the date of Plaintiffs' Complaint and the period of additional time, if any, that Plaintiffs' claims were tolled or extended by agreement of Defendants by equity or by operation of law.

23.     At all times material to this action, E & M was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

24.     At all times relevant to this action, E & M was an "employer" of the named

Plaintiffs as defined by § 203(d) of the FLSA.

25.     At all times material to this action, the Plaintiffs are and/or were "employee[s]" of

Defendants as defined by § 203(e)(1) of the FLSA, and worked for the Defendants within the

territory of the United States within three years preceding the filing of this lawsuit.

26.     At all times relevant to this action, Defendants employed Plaintiffs in the capacity

of Drivers.

27.     The services performed by Plaintiffs were a necessary and integral part of and

directly essential to Defendants' business.

28.     Plaintiffs regularly worked overtime hours without receiving lawful overtime pay,

including, but not limited to, remaining subject to a practice or policy of the Defendants to

misclassify as exempt the Plaintiffs and other Drivers from the requirements of the FLSA.

29.     Defendant intentionally failed and/or refused to pay the Plaintiffs lawful overtime

premium pay according to the provisions of the FLSA.

30.     The systems, practices and duties of the named Plaintiffs have existed for at least

three years throughout the Defendants' businesses.

## Further Jurisdictional Allegations

31.     Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c), because

Defendants operate in this district and a substantial part of the unlawful conduct giving rise to the

claims occurred in this district.

32.     Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1331-37 and

29 U.S.C. § 216(b).  At all times pertinent to this Complaint, Defendants were each an enterprise

engaged in interstate commerce or in the production of goods for commerce as defined in 29

U.S.C. §§ 203(r) and 203(s). The annual gross sales volume of the Defendants was in excess of $500,000.00 per annum.

## Damages, Liquidated Damages, and Other Relief

33.     Plaintiffs have retained legal counsel to represent them, and Plaintiffs have incurred, and will continue to incur, attorney's fees, litigation expenses and costs, which are sought as a proper part of the relief in this action.

34.     Plaintiffs seek to recover relief from Defendants that includes, but is not limited to, overtime compensation, liquidated damages, prejudgment and postjudgment interest, and the reasonable attorney's fees, litigation expenses and costs under the provisions of the FLSA which a jury may award.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

35.     Plaintiffs readopt and reallege all allegations contained in Paragraphs 1 through 34 above as if fully restated herein.

36.     There are numerous other similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records. Specifically, all Driver employees of Defendants who have worked overtime and have not been compensated for the same would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

37.     Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs and other similarly situated employees and former employees in accordance with § 207 of the FLSA.

38.     As a result of the Defendants' violations of the FLSA, the named Plaintiffs, as well as all others similarly situated, have suffered damages by failing to receive nonexempt compensation in accordance with § 207 of the FLSA.

39.     In addition to the amount of unpaid wages and benefits owing to the Plaintiffs and all others similarly situated, Plaintiffs are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and prejudgment interest.

40.     Defendants' actions in failing to properly compensate the Plaintiffs, as well as other similarly situated employees and former employees, in violation of the FLSA were willful.

41.     Defendants have not made a good faith effort to comply with the FLSA.

42.     The Plaintiffs, and all others similarly situated, are also entitled to an award of attorney's fees pursuant to 29 U.S.C. § 216(b).

**WHEREFORE** the Plaintiffs, individually and on behalf of all other similarly situated persons, pursuant to § 216(b) of the FLSA, pray for the following relief:

1.     That at the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all Defendants' employees in all locations within the United States during the three years immediately preceding the filing of their suit and to all other potential Plaintiffs who may be similarly situated informing them that this action has been filed, of the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were not paid proper compensation and benefits pursuant to 29 U.S.C. § 216(b);

2.    That the Plaintiffs be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

3.    That Plaintiffs be awarded their reasonable attorney's fees, including the costs and expenses of this action; and

4.    Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Virginia and Federal law.

Dated: March 5, 2010                     Respectfully submitted,

Joanna L. Suyes (VSB#74226)
J. Allen Schreiber (VSB#79397)
Marks & Harrison, P. C.
1500 Forest Ave. Suite 100
P. O. Box 72020
Richmond, VA  23229
804-282-0999 (phone)
804-288-1330 (fax)
jsuyes@marksandharrison.com
aschreiber@marksandharrison.com