# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

ANGELA BARKSDALE, et al.,

    Plaintiffs,

v.                                                Civil Action No. 3:10cv140

E & M TRANSPORTATION, INC., et al.,

    Defendants.

## MEMORANDUM OPINION

Before the Court is Plaintiffs' Motion for Relief Under Rule 37 of the Federal Rules of Civil Procedure[1] ("Motion for Relief"). (Docket No. 18.) Defendants have responded. (Docket No. 33.) On October 18, 2010, the Court held a status hearing to discuss the motions. The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 1331 and 636(c). For the reasons that follow, the Court will GRANT Plaintiffs' Motion for Relief.

### I. Factual and Procedural Background

On March 5, 2010, Plaintiffs filed a Complaint against Defendants alleging violations of the Fair Labor Standards Act of 1938.[2] (Docket No. 1.) Plaintiffs were employed as drivers by Defendants for a period of time between 2006 and 2010. (Compl. ¶¶ 8-13.) Plaintiffs allege that they were required to regularly work in excess of forty hours per week and were not paid overtime in violation of the Fair Labor Standards Act. (Compl. ¶¶ 35-42.) Pursuant to 29 U.S.C.

---

[1] Plaintiffs separately filed a Motion for Summary Judgment, to which Defendants have replied. (Docket Nos. 24, 30.) The Court will address that motion in a separate opinion.

[2] 29 U.S.C. § 201 *et seq.*

§ 216(b), Plaintiffs seek overtime compensation, liquidated damages, reasonable attorney's fees, interest, and costs. (Compl. ¶ 34.)

On May 18, 2010, Defendants filed an answer, denying that Plaintiffs worked in excess of forty hours per week and denying Plaintiffs' entitlement to overtime compensation. (Answer ¶ 21.) (Docket No. 6.) On June 18, 2010, the parties consented to the jurisdiction of a magistrate judge, and the case was assigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On June 25, 2010, the Court issued a Scheduling and Pretrial Order for Consent Cases ("Scheduling Order") to govern the progress of this case in conjunction with the Federal Rules of Civil Procedure and the Local Rules for this Court. (Docket No. 13.) Under the Scheduling Order, a Final Pretrial Conference is scheduled for November 10, 2010, and a Jury Trial is scheduled for November 18 and 19, 2010. Except by further order of the Court, the Scheduling Order established October 1, 2010 as the date on which all discovery must be concluded, including required responses to any discovery demands, and October 11, 2010 as the date on which all dispositive motions must be filed.

On July 30, 2010, Defendants informed Plaintiffs that they intended to file for bankruptcy. However, the record before this Court indicates that no bankruptcy action has commenced.

Defendants did not engage in the exchange of initial disclosures as required by Federal Rule of Civil Procedure 26(a). On August 16, 2010, Plaintiffs served their First Interrogatories and First Requests for Production of Documents on Defendants. Defendants failed to file their answers and any objections on or before the due date of September 15, 2010. *See* Fed. R. Civ. P.

33(b)(2). Plaintiffs made several attempts to contact Defendants regarding the outstanding discovery requests, including mailing Defendants a letter on September 28, 2010. Despite their efforts, Plaintiffs were not able to get in touch with Defendants until October 5, 2010, after discovery had closed.

On October 8, 2010, Plaintiffs filed their Motion for Relief. (Docket No. 18.) Plaintiffs request the Court to: (1) "issue any 'just Order' as this Court deems appropriate" pursuant to Rule 37(b); (2) exclude "any and all defenses and/or testimony of the Defendants" pursuant to Rule 37(c)(1); and, (3) "issue an Order imposing sanctions upon the Defendants." (Mem. Supp. Pls.' Mot. Relief 1.) Plaintiffs argue that the Defendants failed to timely respond to Plaintiffs' discovery requests, failed to present any defense, and failed to timely provide disclosures pursuant to Rule 26.

On October 11, 2010, ten days after the close of discovery, Defendants made their initial disclosure of documents and turned over four six-inch binders containing copies of Plaintiffs' time sheets. That same day, which was the last day this Court's Scheduling Order permitted such filing, Plaintiffs filed their Motion for Summary Judgment. (Docket No. 24.) On October 13, 2010, twelve days after the close of discovery, Defendants finally responded to Plaintiffs' August 16, 2010 discovery requests.

On October 18, 2010, this Court held a status hearing to discuss the discovery dispute, the pending motions, and the forthcoming trial dates. During the hearing, counsel for Plaintiffs indicated that he had not had a sufficient opportunity to confirm that the information delivered fully complied with Plaintiffs' discovery requests.

3

On October 19, 2010, Defendants filed their response to Plaintiffs' Motion for Relief. (Docket No. 33.) Defendants argue that sanctions are not warranted because Plaintiffs have not been prejudiced by Defendants' delay in providing discovery.

## II. Analysis

### A. The Court Must Impose Sanctions Under Rule 37(c)(1)

Rule 37(c)(1) governs failure to disclose discovery responses required by Rule 26(a). Rule 26(a) directs, among other things, the timing and scope of required initial disclosures. Fed. R. Civ. P. 26(a). Defendants failed to make any attempt to comply with the requirements of Rule 26(a) until October 11, 2006. Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>     (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> . . . .
>     (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). Possible sanctions under Rule 37(b)(2)(A) include: directing that certain facts be taken as established; "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;" "striking pleadings in whole or in part;" "dismissing the action or proceeding in whole or in part;" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A).

4

In determining whether to excuse a party's failure to comply with the disclosure requirements of Rule 26 as being "substantially justified" or "harmless" under Rule 37(c)(1), courts consider five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to discose the evidence.

*S. States Rack & Fixture, Inc. v. Sherwin Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The first four factors "relate mainly to the harmlessness exception," while the last factor "relates primarily to the substantial justification exception." *Id.* Based on the analysis of these factors, the Court finds it appropriate to sanction Defendants pursuant to Rule 37(c)(1).

### 1. Surprise to Plaintiffs

Defendants did not even attempt to make any of their required initial disclosures under Rule 26(a) until ten days after the close of discovery when Defendants delivered four six-inch binders containing Plaintiffs' time records to Plaintiffs. Defendants contend that Plaintiffs cannot be surprised by this evidence because Plaintiffs themselves filled out the time records. The Court cannot agree. Indeed, to find otherwise would contravene the requirements of Rule 26(a), which required Defendants to make available all documents that they had in their possession, custody, or control and may use to support their claims or defenses.[3] Fed. R. Civ. P. 26(a)(1)(A)(ii). Defendants do not dispute that the documents they belatedly provided are relevant to a claim or defense.

---

[3] Further, the fact that Defendants previously turned over seven pages of sample daily time sheets does not excuse Defendants' failure to meet the requirements of Rule 26(a).

Defendants' failure to provide any documents completely ignored the dictates of the federal rules. Defendants failed to preserve any objection to providing discovery by stating that Plaintiffs had access to the relevant information, so their claim now carries little persuasive weight regarding surprise. Nothing before this Court establishes how many of these documents Plaintiffs had access to, and even access to some portion does not abrogate Defendants' need to follow the federal rules, and the rules of this Court. As such, the Court finds the test of surprise met in this case.

Moreover, although counsel filed a Motion for Leave to Withdraw as Counsel because Defendants were "no longer complying with the provisions of the parties' Engagement Agreement governing compensation for legal services" (Mot. Leave Withdraw Counsel ¶ 2) (Docket No. 14), the Court denied that motion without prejudice on September 10, 2010 (Docket No. 15), well before the close of discovery. Neither at that time, nor any time since, have Defendants filed a motion to extend the time to give initial disclosures, to object or respond to discovery, or to continue the trial date.

### 2. Plaintiffs Had Insufficient Time to Cure the Surprise

Because Defendants did not engage in any discovery until ten days after the close of discovery, Plaintiffs had insufficient time to cure the surprise by evaluating Defendants' possible defenses and engaging in further discovery. Given the upcoming trial date and that neither party seeks a continuance of trial, the Court cannot find that Plaintiffs had sufficient opportunity to cure the surprise resulting from Defendants' belated discovery disclosures.[4]

---

[4] Defendants' claim that Plaintiffs failed to request deposition testimony fails to persuade the Court otherwise. Any attempt to depose even undisclosed witnesses without relevant documents would have been a waste of all the parties' resources.

### 3. Extent to Which Evidence Would Disrupt the Trial

As the trial has not yet started, admission of this evidence would not necessarily cause disruption. However, if the Court allowed Defendants to present this evidence, this would necessarily delay the trial currently scheduled to allow Plaintiffs to engage in limited discovery based on this evidence.

### 4. The Importance of the Evidence

The parties suggest that the evidence disclosed on October 11, 2010 consists largely of Plaintiffs' time sheets. This information not only holds importance to proving or disproving Plaintiffs' allegations, it would be vital to doing so.

### 5. Defendants Proffer No Explanation for Their Failure to Disclose

Finally, Defendants have provided no explanation for their failure to disclose this information pursuant to Rule 26(a). The only possible excuse presented to this Court is Defendants' intention to file bankruptcy. However, Defendants never acted on their intention. Defendants also never sought relief from this Court's scheduling or other deadlines. An intention to file bankruptcy does not excuse Defendants from compliance with the Federal Rules of Civil Procedure and cannot suffice as a substantial justification for their noncompliance with Rule 26(a).

## B. Court Ordered Relief Pursuant to Rule 37(c)(1)

The Court fashions the following relief pursuant to Rule 37(c)(1).[5] First, the Court prohibits Defendants from using any information or testimony of witnesses as evidence on a

---

[5] Because the Court is able to fashion appropriate relief pursuant to Rule 37(c)(1), the Court will not also proceed under Rule 37(b), which governs sanctions imposed for a party's failure to obey a Court's discovery order.

motion, at a hearing, or at trial if such evidence should have been originally produced or disclosed under Rule 26(a). *See* Fed. R. Civ. P. 37(c)(1).

Awarding Plaintiffs reasonable expenses, including attorney's fees, caused by Defendants' failure to engage in discovery seems appropriate under the circumstances. *See* Fed. R. Civ. P. 37(c)(1)(A). As such, the Court ORDERS Plaintiffs to tender to the Court no later than November 8, 2010 their reasonable costs and fees associated with Defendants' failure to engage in discovery. Defendants shall respond, or seek an opportunity to be heard, as to monetary sanctions no later than November 15, 2010.

### III. Conclusion

For the foregoing reasons, the Court will GRANT Plaintiffs' Motion for Relief. (Docket No. 18.) Because of Defendants' failure to disclose or produce information as required by Rule 26(a), the Court prohibits Defendants from using any information or witness improperly produced or disclosed as evidence on a motion, at a hearing, or at trial.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 10-27-10