# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

ANGELA BARKSDALE, et al.,

    Plaintiffs,

v.                                       Civil Action No. 3:10cv140

E & M TRANSPORTATION, INC., et al.,

    Defendants.

## MEMORANDUM OPINION

Before the Court is Plaintiffs' Motion for Summary Judgment. (Docket No. 24.) Defendants have responded. (Docket No. 30.) Neither party sought a hearing, and the Court has determined that oral argument would not aid the decisional process. Accordingly, this matter is ripe for disposition. The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 1331 and 636(c). For the reasons that follow, the Court will DENY Plaintiffs' Motion for Summary Judgment.

## I. Procedural Background

On March 5, 2010, Plaintiffs filed a Complaint against Defendants alleging violations of the Fair Labor Standards Act of 1938 ("FLSA").[1] (Docket No. 1.) One Plaintiff, Shannon Ridley, was employed by Defendants as an Administrative Assistant from October 2008 until August 2009.[2] The remaining Plaintiffs were employed as drivers by Defendants for a period of

---

[1] 29 U.S.C. § 201 *et seq.*

[2] Two Plaintiffs, Shannon Ridley and John Greer, were not named Plaintiffs in the original complaint. The parties, however, have informed the Court of an agreement which would allow Plaintiffs to file an amended complaint adding Ridley and Greer as Plaintiffs. For purposes of this motion, and without objection by either side, the Court addresses arguments by both parties regarding Ridley and Greer.

time between 2006 and 2010. Plaintiffs allege that they were required regularly to work in excess of forty hours per week and were not paid overtime in violation of the FLSA. Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek overtime compensation, liquidated damages, reasonable attorney's fees, interest, and costs.

On May 18, 2010, Defendants filed an answer, denying that Plaintiffs worked in excess of forty hours per week and denying Plaintiffs' entitlement to overtime compensation. (Docket No. 6.) On June 18, 2010, the parties consented to the jurisdiction of a magistrate judge, and the case was assigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On October 11, 2010, Plaintiffs filed their Motion for Summary Judgment. (Docket No. 24.) This matter has been fully briefed and is ripe for disposition.

## II. Findings of Undisputed Facts

Defendants employed Ridley as an administrative assistant from October 2008 until August 2009 and paid Ridley a fixed salary of $90.00 per day. Ridley's responsibilities as an administrative assistant included answering phone calls, scheduling drivers, and performing other general office duties.

Defendants employed the remaining Plaintiffs as drivers at various time periods between 2006 and 2010 and paid Plaintiffs a fixed salary between $70.00 and $90.00 per day. The drivers' responsibilities consisted primarily of driving individuals to and from medical appointments using Defendants' seven-passenger vehicles. Each morning, the drivers received their daily assignment, listing the names, addresses, and schedules of individuals with pre-arranged transportation for the day. Defendants required the drivers to carry personal cell phones so that the dispatcher could notify them of any additional individuals needing transportation or of

any changes to pre-arranged transportation. At the close of the business day, the drivers were required to fill the company vehicles with gasoline or perform other maintenance. Some of the drivers then had to return the company vehicles to the work site while others were allowed to drive the company vehicle home. Due to the possible changes or additions to the schedule and the required maintenance on the company vehicles, the daily assignments do not adequately reflect the hours the drivers actually worked.

### III. Standard of Review

Summary judgment under Rule 56 is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. *Celotex*, 477 U.S. at 322-24. These facts must be presented in the form of exhibits and sworn affidavits. Fed. R. Civ. P. 56(c).

A court views the evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. Whether an inference is reasonable must be considered in conjunction with competing inferences to the contrary. *Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810, 818 (4th Cir. 1995). Nonetheless, the nonmoving "party is entitled 'to have the credibility of his evidence as forecast assumed.'" *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc) (*quoting Charbonnages de France v.*

*Smith*, 597 F.2d 406, 414 (4th Cir. 1979)). Ultimately, the court must adhere to the affirmative obligation to bar factually unsupportable claims from proceeding to trial. *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (*citing Celotex*, 477 U.S. at 323-24).

## IV. Analysis

### A. Applicable Law

The FLSA requires employers to pay employees time-and-a-half wages for hours worked over forty hours per week. The statute reads:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). A plaintiff bears the burden of proving that his or her employer did not properly compensate the overtime hours worked. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946). "To establish a claim for unpaid overtime wages, [the employee] must establish by a preponderance of the evidence (1) that he [or she] worked overtime hours without compensation, (2) the 'amount and extent' of the work 'as a matter of just and reasonable inference,' and (3) that [the employer] knew of the uncompensated overtime."[3] *Talton v. I.H. Caffey Distrib. Co., Inc.*, 124 F. App'x 760, 763 (4th Cir. 2005) (*quoting Anderson*, 328 U.S. at

---

[3] Plaintiffs initially sought summary judgment in part because they were "unable to properly address the issues of law on which Defendants may rely" due to Defendants' failure to participate in the discovery process. (Mem. Supp. Pls.' Mot. Summ. J. 7.) This initial request more properly is characterized as a sanction, which the Court already has addressed. Plaintiffs articulate a different argument in their reply brief, which the Court addresses in this opinion. This Court will address each party's legal burden when assessing this summary judgment motion.

4

687); *see also Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986). If the employee carries the burden, "[t]he burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Anderson*, 328 U.S. at 687-88; *see Lee v. Vance Exec. Prot., Inc.*, 7 F. App'x 160, 166 (4th Cir. 2001). If the employer cannot "produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Anderson*, 328 U.S. at 688; *see Lee*, 7 F. App'x at 166.

### B. <u>Plaintiffs Have Presented Insufficient Evidence to as to Overtime Pay</u>

Here, Plaintiffs have failed to present a record to sustain summary judgment as to overtime pay. Plaintiffs each provide a sworn statement that they worked an excess of forty hours per week while employed by Defendants, specifically stating that they worked between fifty and eighty hours each week. While indicating that the hours can derive from driving individuals to and from appointments and performing daily maintenance on the company vans, Plaintiffs provide no documentation as to how they arrived at the total estimated figure of hours worked per week.[4] The introductory paragraphs of these affidavits are identical, and no

---

[4] It is also unclear whether the time estimates provided by Plaintiffs include waiting time. Plaintiffs argue that any waiting time was insufficient to use for Plaintiffs' own purposes and thus constitutes working time compensable under the FLSA. *See Roy v. Cnty. of Lexington, S.C.*, 141 F.3d 533, 544 (4th Cir. 1998). To support this argument, Plaintiffs provided sworn statements that on most days they did not have time to eat lunch or had to eat lunch while driving to or from an appointment. One Plaintiff also states that waiting times were insufficient to use for her own purposes.

The Court will not make sweeping findings as to waiting times absent some foundational basis for the testimony Plaintiffs proffer. This conclusory evidence is insufficient to allow the Court to find as a matter of law that such waiting times were compensable under the FLSA.

It should also be noted that Defendants' response attaches as exhibits Plaintiffs' time sheets, purporting to show waiting times ranging from thirty minutes to over two hours. (*See* Defs.' Opp'n Pls.' Mot. Summ. J. ("Defs.' Opp'n") Exs. 1-6.) Even assuming the time sheets

5

individual plaintiff attempts to specify any independent or personal verification of time actually worked on any particular week. For instance, no affidavit mentions time off for vacation, illness, or any other indicia that suggests – even absent Defendants' dilatory conduct as to discovery – that Plaintiffs engaged in even a minimal personal attempt to lay a foundation for actual time worked.

Instead, the Court has before it general, conclusory statements that, even as a matter of just and reasonable inference, cannot sustain Plaintiffs' burden of producing sufficient evidence showing the amount and extent of overtime work. *See Lee*, 7 F. App'x at 166. "While we acknowledge that [Plaintiffs] need not 'prove each hour of overtime work with unerring accuracy or certainty,' enough evidence must be offered so that the court as 'a matter of just and reasonable inference' may estimate the unrecorded hours." *Id.* (*quoting Pforr v. Food Lion, Inc.*, 851 F.2d 106, 108 (4th Cir. 1988); *Anderson*, 328 U.S. at 687). Because Plaintiffs have not carried their burden, the Court cannot grant summary judgment against Defendants.

As noted in this Court's previous opinion in this case, Plaintiffs' inability to sustain their burden in proving the amount and extent of overtime work performed is largely due to Defendants' failure to engage in discovery as required by the Federal Rules of Civil Procedure. The Court also notes that the named defendants filed a notice that they have sought bankruptcy, but that no motion to stay this action has been filed, and that no action has been taken whatsoever

---

adequately reflected waiting periods, due to Defendants' failure to produce or disclose this evidence as required under Rule 26(a), the Court, by Order dated October 27, 2010, excluded Defendants from using such evidence during a motion, a hearing, or trial. (Docket No. 40.) Thus, for purposes of opposing Plaintiffs' Motion for Summary Judgment, the Court does not consider this evidence.

on the part of the corporate defendant. As owners or former owners of the corporate defendant, the named defendants must continue to respond to this Court's scheduling requirements.

The Court will entertain a status conference prior to the Final Pretrial Conference should the parties wish to address scheduling matters. If the parties do not schedule a status conference, the Court will order one with all clients present in person.

## V. Conclusion

For the foregoing reasons, the Court will DENY Plaintiffs' Motion for Summary Judgment. (Docket No. 24.)

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: November 1, 2010